UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| TODD MCEVOY, | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-2296-B |
| SELECT PORTFOLIO SERVICING, INC. and U.S. BANK, N.A., Successor Trustee to LaSalle Bank National Association, on Behalf of the Holders of Bear Stearns Asset Backed Securities I Trust 2006-HE2, Asset-Backed Certificates Series 2006-HE2, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Select Portfolio Servicing, Inc. (SPS) and U.S. Bank, N.A.'s (U.S. Bank) Motion to Dismiss. Doc. 9. For the reasons that follow, the Court **GRANTS** Defendants' Motion.

### I.
### BACKGROUND[1]

This is a foreclosure case. In October 2005, Plaintiff purchased property located at 3328 Silver Creek, Mesquite, Texas 75181(the Property). Doc. 1-1, Pl.'s Orig. Pet. 3; Doc. 10, Defs.' Br. in Supp. of Mot. to Dismiss ¶ 1 [hereinafter Defs.' Br.]. Plaintiff executed a promissory note (Note) in the amount of $132,288.00 in favor of Concord Mortgage Company. Doc. 1-1, Pl.'s Orig. Pet. 3;

---

[1] The Court draws its factual account from the initial pleadings as well as the briefing on the Motion before the Court today. Any contested facts will be noted as such.

Doc. 10, Defs.' Br. ¶ 2. Plaintiff also executed a Purchase Money Deed of Trust that encumbered the Property in favor of Concord Mortgage Company. *Id.* The Note and Purchase Money Deed of Trust were later assigned to Defendant U.S. Bank. *Id.* And Defendant SPS is the "loan servicer" on Plaintiff's loan. Doc. 1-1, Pl.'s Orig. Pet. 3.

Plaintiff was eventually unable to make his mortgage payments due to financial setbacks. *Id.* at 4. Plaintiff attempted to modify his loan in order to reduce the monthly payments, but he was unsuccessful. *Id.* In an attempt to avoid foreclosure, Plaintiff states that he listed the house for sale with Texas Premier Realtors, owned by Shirley Simmons. *Id.* at 4–5. According to Plaintiff, Simmons entered into negotiations with Defendants to short sale the Property. *Id.* at 5. In January 2015, Defendants allegedly agreed to a short sale, but conditioned their agreement on Simmons satisfying two liens. *Id.* Plaintiff states that Simmons satisfied the two liens immediately. *Id.* In August 2015, Defendants released the liens, and Simmons was therefore free to move forward with closing on the short sale. *Id.* When Simmons tried to move forward on the short sale, though, "the bank" allegedly cancelled the agreement to the short sale without any explanation and initiated foreclosure proceedings instead. *Id.*

On July 11, 2016, Defendants notified Plaintiff that the Property would be sold at a Successor Trustee's sale on August 2, 2016. *Id.* After learning about the sale, Plaintiff filed this action in state court at the end of July 2016. Doc. 10, Defs.' Br. ¶ 5. Plaintiff asserted claims for detrimental reliance and violations of the Texas Property Code. Doc. 1-1, Pl.'s Orig. Pet. 5–7. Plaintiff also sought a temporary restraining order, declaratory judgment, injunctive relief, and damages. *Id.* at 6–7.

Defendants removed the state court action to this Court in August 2016. Doc. 1, Notice of Removal. Defendants then filed the present Motion to Dismiss (Doc. 9). Plaintiff failed to respond.

Thus, the Motion is ripe for the Court's review.

**II.**

**LEGAL STANDARD**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

# III.

# ANALYSIS

*A.     Detrimental Reliance*

In Plaintiff's Original Petition, he alleges a "detrimental reliance" claim. Doc. 1-1, Pl.'s Orig. Pet. 5. Plaintiff contends that: (1) he and Defendants entered into an agreement for a short sale of the Property that was conditioned on the removal[2] of two liens; (2) Plaintiff relied on this agreement; (3) Simmons arranged for the liens' removal; (4) Defendants cancelled the short sale; and (5) Plaintiff was harmed by his detrimental reliance on this agreement. *Id.* at 5–6.

Defendants argue that Plaintiff failed to state a claim for relief under his detrimental reliance theory because detrimental reliance is not recognized as a separate tort claim under Texas law. Doc. 10, Defs.' Br. ¶ 8. Instead, Defendants assert, detrimental reliance is synonymous with a contractual promissory estoppel claim. *Id.* Defendants further argue that Plaintiff fails to allege a promissory estoppel claim because a written contract is necessary to satisfy the statute of frauds, and Plaintiff fails to allege the existence of a written contract. *Id.* ¶ 9.

Detrimental reliance is not recognized as a separate tort cause of action under Texas law. *Allison v. J.P. Morgan Chase Bank, N.A.*, No. 1:11-cv-342, 2012 WL 4633177, at *8 (E.D. Tex. Oct. 2, 2012) (citing *Univ. of Tex. Sys. v. Courtney*, 946 S.W.2d 464, 468 (Tex. App.—Fort Worth 1997, writ denied)). Instead, detrimental reliance is synonymous with contractual promissory estoppel. *Id.* Therefore, Plaintiff's detrimental reliance claim fails as a separate action. But because the Court

---

[2] The Complaint is unclear on what Defendants allegedly agreed to. In Plaintiff's rendition of the facts, he states that Defendants agreed to the short sale on the condition that two liens be *satisfied* first. Doc. 1-1, Pl.'s Orig. Pet. 5. But in Plaintiff's statement of his detrimental reliance claim, he states that Defendants agreed to the short sale on the condition that two liens be *removed* first. *Id.* This discrepancy is not dispositive, so the Court need not resolve Plaintiff's potentially conflicting allegations.

construes the Complaint in the light most favorable to the Plaintiff, the Court will consider Plaintiff as having alleged a promissory estoppel claim. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.

Under Texas law the elements of promissory estoppel are: (1) a promise; (2) foreseeability of reliance thereon by the promisor; and (3) substantial reliance by the promisee to his detriment. *MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 977 (5th Cir. 2014) (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)). To show detrimental reliance, "a plaintiff must show that he materially changed his position in reliance on the promise." *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1002 (S.D. Tex. 2011).

Here, the supposed agreement between parties is not entirely clear from the Complaint because Plaintiff gives few details. Regardless of how the Court construes the agreement, though, it appears that it is subject to the statute of frauds and thus must have been in writing. The agreement could conceivably be construed as one for a short sale of the Property, and any promise relating to the sale of real estate must be in writing. *McNamara v. JPMorgan Chase Bank, N.A.*, No. 3:12-cv-3731-P, 2014 WL 12531109, at *5 (N.D. Tex. Apr. 30, 2014) (citing *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013); Tex. Bus. & Comm. Code Ann. § 26.01(b)(4)). But it could also conceivably be construed as a loan modification, which also must be in writing.[3] *Casey v. Fed. Home Loan Mortg. Ass'n*, No. H-11-3830, 2012 WL 1425138, at *7 (S.D. Tex. Apr. 23, 2012) ("An oral agreement to postpone foreclosure on [the plaintiff's] home is an oral agreement to

---

[3] Loan agreements in which the amount involved exceeds $50,000 are not enforceable "unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." Tex. Bus. & Comm. Code Ann. § 26.02(b). "When a modification relates to a matter that must be in writing, the modification must also be in writing." *O'Reilly v. BAC Home Loans, N.A.*, No. 4:12-cv-347-Y, 2012 WL 12893103, at *2 (N.D. Tex. Aug. 21, 2012). Because the Note was for an amount over $50,000, any modification of it must also have been in writing.

modify [the note and deed of trust]—delay repayment of the loan—and such an agreement is not valid, under Texas law, if it is not in writing.").

Promissory estoppel is a potential way to overcome the statute of frauds requirement in Texas. *McNamara*, 2014 WL 12531109, at *5. Where promissory estoppel is asserted as a defense to bar the application of the statute of frauds, a plaintiff must show: (1) that the parties' oral agreement had been reduced to writing complying with the statute of frauds; (2) that the defendant promised to sign the existing written agreement; and (3) that the plaintiff relied on the defendant's promise to sign the agreement to his detriment. *MetroplexCore, L.L.C.*, 743 F.3d at 982 (citing *Sullivan v. Leor Energy LLC*, No. H-05-3913, 2006 WL 2792909, at *5 (S.D. Tex. Sept. 27, 2006)). Here, Plaintiff fails to allege the existence of a written contract or that Defendants promised to sign any contract. Therefore, Plaintiff failed to plead a promissory estoppel claim to overcome the statute of frauds requirement. Because the statute of frauds requires a writing, Plaintiff failed to state a claim on which relief could be granted with regard to the parties alleged short sale agreement.

Even if Plaintiff could overcome the statute of frauds, Plaintiff failed to allege a promissory estoppel claim. Specifically, Plaintiff failed to allege facts from which the Court could infer Plaintiff detrimentally relied on any promise made by Defendants. Plaintiff's conclusory statement that Simmons arranging for the removal of liens from the Property was to his detriment is insufficient. It is unclear how Simmons's actions materially changed Plaintiff's position because it is not clear how this would have harmed him at all. Without more facts, the Court cannot infer that Plaintiff can recover under a promissory estoppel claim. *See Iqbal*, 556 U.S. at 678. Therefore, the Court **DISMISSES without prejudice** Plaintiff's detrimental reliance claims.

*B.     Texas Property Code*

In Plaintiff's Original Petition, he alleges violations of the Texas Property Code. Doc. 1-1, Pl.'s Orig. Pet. 6. Plaintiff alleges that he never received notice that his loan was transferred to U.S. Bank or that SPS would be servicing the loan on behalf of U.S. Bank. *Id.* Because he allegedly received no documentation to show that SPS had authority to act on behalf of U.S. Bank, Plaintiff contends that Defendants have violated § 51.0025 of the Texas Property Code. *Id.*

Defendants argue that Plaintiff fails to state a plausible claim for relief under the Texas Property Code. Doc. 10, Defs.' Br. ¶¶ 10–13. Defendants make two arguments in support: (1) there is no obligation under Texas Property Code § 51.0025 for a mortgage servicer to provide notice of service-transfer or transfer of assignment; and (2) even if there were, Plaintiff is judicially estopped from taking the position that he was unaware of SPS's authority because he argues elsewhere in his Original Petition that he detrimentally relied on an agreement with Defendants, thereby recognizing Defendants' authority to conduct a sale. *Id.* ¶ 10. Defendants also challenge Plaintiff's Original Petition as though he alleged a claim under the Real Estate Settlement Procedures Act (RESPA), which provides a claim for a mortgage servicer's failure to provide notice of any loan transfer. *Id.* ¶¶ 11-12. Defendants conclude, however, that Plaintiff also fails to state a claim under RESPA because his allegations fail to show that he was damaged by any lack of notice. *Id.* ¶ 12.

Plaintiff's claims are based on § 51.0025 of the Texas Property Code. Section 51.0025 provides that a mortgage servicer may administer the foreclosure of property under § 51.002 on behalf of a mortgagee if:

> (1) the mortgage servicer and the mortgagee have entered into an agreement granting the current mortgage servicer authority to service the mortgage; and
>
> (2) the notices required under Section 51.002(b) disclose that the mortgage servicer

is representing the mortgagee under a servicing agreement with the mortgagee and the name of the mortgagee and:

(A) the address of the mortgagee; or

(B) the address of the mortgage servicer, if there is an agreement granting a mortgage servicer the authority to service the mortgage.

Tex. Prop. Code Ann. § 51.0025. The notice required under Section 51.002(b) refers to notice of a foreclosure sale. *See id.* § 51.002(b). Defendant is correct that there is no requirement under § 51.0025 for a mortgage servicer to give notice to the mortgagor of a transfer of assignment. Therefore, Plaintiff fails to state a claim on which relief may be granted under § 51.0025.

Defendant argues in the alternative that the doctrine of judicial estoppel blocks Plaintiff from asserting this cause of action. The doctrine of judicial estoppel "is equitable in nature and can be invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012). The Fifth Circuit has recognized several requirements to invoke the doctrine, including: (1) "the party's position must be clearly inconsistent with its previous one"; and (2) "the previous court must have accepted the party's earlier position." *Prideaux v. Tyson Foods, Inc.*, 387 F. App'x 474, 477 (5th Cir. 2010) (*citing Hopkins v. Cornerstone Am.*, 545 F.3d 338, 347 (5th Cir. 2008)). Here, Defendants do not argue that Plaintiff took a contradictory position in a previous legal proceeding. Instead, Defendants assert that the contradictions in Plaintiff's allegations occurred solely within Plaintiff's Original Petition. Therefore, it does not appear that judicial estoppel operates to bar Plaintiff's claims.

Furthermore, the presence of contradicting claims in a complaint does not necessarily mean that the complaint is insufficient. The Federal Rules of Civil Procedure permit plaintiffs to plead

alternative or inconsistent claims in their complaint. Fed. R. Civ. P. 8(d). While it appears that Plaintiff's Texas Property Code claim may be inconsistent with its promissory estoppel claim, this inconsistency, alone, does not warrant dismissal of Plaintiff's claims as Defendants suggest.[4]

Defendants also consider Plaintiff's claim as if it were alleged under RESPA, and the Court will similarly consider Plaintiff's claim as if he pled a claim under RESPA. Defendants direct the Court's attention to 12 U.S.C. § 2605. This section provides that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person," and "[e]ach transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer." 12 U.S.C. §§ 2605(b)(1), 2605(c)(1). Plaintiffs must allege actual damages resulting from the alleged RESPA violation. *Bassie v. Bank of Am., N.A.*, No. 4:12-cv-0891, 2012 WL 6530482, at *5 (S.D. Tex. Dec. 13, 2012). A court may award statutory damages for a violation of RESPA "in the case of a pattern or practice of noncompliance." *Id.* (citing 12 U.S.C. § 2605(f)).

The Court agrees with Defendants that Plaintiff fails to allege actual damages or a pattern of noncompliance. Therefore, to the extent that Plaintiff intended to allege a violation of RESPA, he has failed to do so. Because Plaintiff failed to state a claim for which relief could be granted under the Texas Property Code or RESPA, the Court **DISMISSES without prejudice** Plaintiff's claims under these statutes.

---

[4] Because Plaintiff's Texas Property Code claim fails for other reasons, the Court need not determine whether contradictions in Plaintiff's Original Petition are in accordance with Rule 8.

C. *Equitable Relief*

Plaintiff requests that the Court declare that "Defendant Bank of America" is without authority to conduct a foreclosure sale. Doc. 1-1, Pl.'s Orig. Pet. 6. Plaintiff also requests that the Court enter temporary[5] and permanent injunctive relief prohibiting "Defendant Bank of America" from conducting a foreclosure sale of the property. *Id.*

Defendants argue that Plaintiff fails to allege an underlying claim to support his request for declaratory judgment or injunctive relief. Doc. 10, Defs.' Br. ¶ 14. Because a declaratory judgment and injunctive relief are procedural devices and do not create substantive rights, Defendants argue that Plaintiff's requests cannot stand alone. *Id.* ¶¶ 14–15. According to Defendants, because Plaintiff's underlying claims fail, his requests for equitable relief necessarily also fail. *Id.*

1. Preliminary Injunction

To obtain a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm for which he has no adequate remedy at law; (3) that greater injury will result from denying the preliminary injunction than from its being granted; and (4) that a preliminary injunction will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). To establish a "substantial likelihood of success on the merits," Plaintiff's proof need not meet the standard required for summary judgment. *Id.* at 595–96. Rather, Plaintiff need only present a prima facie case. *Allied Home Mortg. Corp. v. Donovan*, 830 F. Supp. 2d 223, 227 (S.D. Tex. 2011) (citing 11A Wright & Miller, Federal Practice and Procedure § 2948.3 (2d ed.)). Ordinarily, it will be enough if the plaintiff raises

---

[5] Even though Plaintiff's Original Petition contains a request for a Temporary Restraining Order, it appears that the state court issued one in August 2016. Doc. 1-1, TRO. Therefore, the Court did not consider Plaintiff's request for one in deciding this Motion.

questions going to the merits "so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation." *Id.* (quoting *Sebastian v. Tex. Dep't of Corr.*, 541 F. Supp. 970, 975 (S.D. Tex. 1982)).

Plaintiff's request for injunctive relief fails because he fails to demonstrate a substantial likelihood of success on the merits. Because the Court has already disposed of all of Plaintiff's claims, he cannot show any likelihood of success on the merits, much less a substantial one. The Court therefore **DENIES without prejudice** the request for a preliminary injunction.

2. <u>Declaratory Judgment</u>

As an initial matter, Plaintiff states in his Original Petition that he seeks declaratory relief under the Texas Declaratory Judgment Act, but "[w]hen a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act." *Redwood Resort Props., LLC v. Homes Co., Ltd.*, No. 3:06-CV-1022-D, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007) (citing *i2 Techs. US, Inc. v. Lanell*, 3:02-CV-0134-G, 2002 WL 1461929, at *7 n.5 (N.D. Tex. July 2, 2002)). The Court therefore analyzes Plaintiff's claim under the federal Declaratory Judgment Act (DJA).

The DJA provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The requirement of an "actual controversy" derives from the prohibition against federal courts issuing advisory opinions. *See Golden v. Zwickler*, 394 U.S. 103, 108 (1969). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests of sufficient immediacy and reality to warrant the

- 11 -

issuance of a declaratory judgment." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

The declaration Plaintiff seeks—that U.S. Bank lacks authority to conduct a foreclosure sale—appears derived from its Texas Property Code claim. Because the Court has already found that Plaintiff failed to state a claim under the Texas Property Code or RESPA, there is no longer a "substantial controversy . . . of sufficient immediacy" to warrant a declaratory judgment based on the same arguments. *See Vantage Trailers*, 567 F.3d at 748. To the extent that Plaintiff's request relies on arguments besides those connected with the Texas Property Code claim, the Court has dismissed all of Plaintiff's claims. So regardless of what Plaintiff bases his request on, there does not appear to be a "substantial controversy." *See id.* Therefore, the Court **DISMISSES without prejudice** Plaintiff's declaratory judgment request.

## IV.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss and **DISMISSES without prejudice** all claims against Defendants. The Court finds it appropriate, however, to give Plaintiff an opportunity to replead his claims.[6] An amended complaint is due on or before **Monday, June 19, 2017**.

---

[6] Normally, courts will afford a plaintiff the opportunity to overcome pleading deficiencies, unless it appears that the defects are incurable. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.") Here, Plaintiff failed to plead each of his claims with sufficient factual specificity. Given that this is the Court's first review of his pleadings, it is proper to grant Plaintiff leave to amend his Complaint, if he can do so in a way that overcomes the deficiencies identified in this Order.

SO ORDERED.

SIGNED: May 22, 2017.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE